IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| RODNEY A. EDMUNDSON, | Cause No. CV 14-172-M-DLC-JCL |
| Petitioner, | |
| vs. | ORDER and FINDINGS AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE |
| LEROY KIRKEGARD; ATTORNEY GENERAL OF THE STATE OF MONTANA, | |
| Respondents. | |

This case comes before the Court on Petitioner Rodney Edmundson's application for writ of habeas corpus under 28 U.S.C. § 2254. Edmundson is a state prisoner proceeding pro se.

Edmundson moves to proceed in forma pauperis. After reviewing the motion and supporting account statement, I find that he has sufficiently shown he cannot afford to pay all costs that may be associated with this action. The motion to proceed in forma pauperis will be granted.

Edmundson alleges that his five-year suspended sentence was revoked in August 2012. He states that he was re-sentenced to serve five more years in the custody of the Department of Corrections after he had already discharged two years and nine months under supervision. Pet. (Doc. 1) at 2-3 ¶¶ 1-4. He contends that sentencing him to another five-year term after completion of more than half

1

that term is a "facially invalid sentence," *id.* at 4 ¶ 13A, and he asserts a violation of the Fifth and Fourteenth Amendments, *id.* at 5 ¶ 13B. He asks that he be "re-sentenced to [the] original discharge date." *Id.* at 7 ¶ 16.

Neither federal nor state law limits the term that can be imposed on revocation to the term remaining in the originally imposed suspended term. *See, e.g., United States v. Crowder*, 738 F.3d 1103, 1104-05 (9th Cir. 2013) (affirming re-imposition of life term of supervised release following finding that defendant violated conditions of original life term of supervised release). A revocation sentence is not a "new" sentence. As the Montana Supreme Court said, "The revocation court has only required Edmundson, who violated the conditions of his probation supervision, to successfully complete a 5-year suspended sentence – as originally imposed." Order at 2, *Edmundson v. Kirkegard*, No. OP 14-0095 (Mont. May 7, 2014).[1]

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules Governing § 2254 Proceedings. A COA should issue as to those claims on which the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the

---

[1] Edmundson attached only the first page of this Order (Doc. 1-1 at 1). It is available in full at the Montana Supreme Court's website, http://supremecourtdocket.mt.gov (accessed May 29, 2014).

2

district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Edmundson's petition makes no showing that he was deprived of a constitutional right. A COA is not warranted.

Based on the foregoing, the Court enters the following:

## ORDER

Edmundson's motion to proceed in forma pauperis (Doc. 2) is GRANTED. The Clerk of Court shall waive payment of the filing fee.

The Court also enters the following:

## RECOMMENDATION

1. The Petition (Doc. 1) should be DENIED on the merits.

2. The Clerk of Court should be directed to enter by separate document a judgment in favor of Respondents and against Petitioner.

3. A certificate of appealability should be DENIED.

## NOTICE OF RIGHT TO OBJECT
## TO FINDINGS & RECOMMENDATION
## AND CONSEQUENCES OF FAILURE TO OBJECT

Edmundson may object to this Findings and Recommendation within 14

days.[2] 28 U.S.C. § 636(b)(1). Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

<u>Edmundson must immediately notify the Court of any change in his mailing address by filing a "Notice of Change of Address."</u> Failure to do so may result in dismissal of this action without notice to him.

DATED this 29th day of May, 2014.

Jeremiah C. Lynch
United States Magistrate Judge

---

[2] As this deadline allows a party to act within 14 days after the Findings and Recommendation is "served," Fed. R. Civ. P. 6(d) applies, and three days are added after the time would otherwise expire.