IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| RODNEY A. EDMUNDSON,<br><br>Petitioner,<br><br>vs.<br><br>LEROY KIRKEGARD; ATTORNEY GENERAL OF THE STATE OF MONTANA,<br><br>Respondents. | CV 14–172–M–DLC<br><br>ORDER<br><br>FILED<br>JUL 2 1 2014<br>Clerk, U.S. District Court<br>District Of Montana<br>Missoula |

Petitioner Rodney A. Edmundson, a state prisoner proceeding pro se, has filed this action seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Edmundson is challenging the imposition of the 5-year suspended portion of his original 10-year sentence for assault with a weapon, contending that his sentence is invalid because it exceeds an original discharge date of February 2015.

United States Magistrate Judge Jeremiah Lynch entered his findings and recommendation in this matter on May 29, 2014. (Doc. 4.) Judge Lynch recommends that the Court deny the petition because Edmundson's sentence is valid and deny a certificate of appealability ("COA"). Edmundson did not timely object and the Court entered an Order on June 17, 2014, adopting Judge Lynch's

1

recommendations. (Doc. 6.) The Court received Edmundson's untimely objection the following day, and vacated its prior ruling in order to consider Edmundson's objections on the merits. (Doc. 9.) The Court reviews *de novo* the specific findings or recommendation to which Edmundson objects. 28 U.S.C. § 636(b)(1). The portion of the findings and recommendation not specifically objected to will be reviewed for clear error. *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981). For the reasons stated below, the Court will adopt Judge Lynch's recommendations in full.

In July of 2005, Mr. Edmundson pled guilty to assault with a weapon in the Eleventh Judicial District Court, Montana and was subsequently sentenced to a period of 10 years, with 5 years suspended. In August of 2012, Edmundson admitted to probation violations and the court revoked the suspended portion of his sentence, ordering him to serve the 5 years in custody. The court did not give Edmundson credit for the 2 years and 9 months served on probation. Edmundson appealed the order of revocation to the Montana Supreme Court, which determined the district court did not err by requiring Edmundson to complete the 5-year suspended sentence with no credit for his probation time.

This Court may "entertain an application for a writ of of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court only on the

ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254 (2006). A state violates a criminal defendant's Constitutional due process right "if it arbitrarily deprives the defendant of a state law entitlement." *Laboa v. Calderon*, 224 F.3d 972, 979 (9th Cir. 2000); *Hicks v. Oklahoma*, 447 U.S. 343, 346 (1980).

Edmundson claims[1] the State of Montana deprived him of a state law entitlement created by Montana Code Annotated § 46-18-203(7)(a)(iii), arguing the statute creates a fixed sentence discharge date and mandatory credit for time spent on probation. Edmundson claims the state violated his Fifth and Fourteenth Amendment rights of due process and against double jeopardy by imposing a "new" sentence, and failing to give him credit for his probation time.

Montana Code Annotated § 46-18-203(7)(a)(iii) specifies that a court may "revoke the suspension of sentence and require the offender to serve either the sentence imposed or any sentence that could have been imposed that does not include a longer imprisonment or commitment term than the original sentence." The court did not err when it revoked Edmundson's sentence and required him to

---

[1] Edmundson's argument is premised on the mistaken belief that this statute gives him a liberty interest in a "fixed discharge date." (Doc. 8 at 3.) To support his argument, Edmundson cites to *State ex rel Wetzel v. Ellsworth*, 387 P. 2d 442 (Mont. 1963), a case based on a repealed provision of the state penal code. The correct standard as provided in this analysis can be found in *Petition of Ledesma*, 542 P.2d 1226 (Mont. 1975) (overruling *Wetzel*) and *Olson v. Kirkegard*, 2014 Mont. LEXIS 185 (Mont. 2014).

3

serve the custodial sentence originally imposed, yielding a total imprisonment term that will not result in a longer commitment than his original 10-year sentence. The word "term" used in the statute relates to the period of actual commitment or imprisonment served; it does not include time served on probation, and contains no language providing for a fixed discharge date. Additionally, Montana Code Annotated § 46-18-203(7)(b) provides the court discretion to grant or deny credit for probation time: "a judge shall consider any elapsed time and either expressly allow all or part time as a credit against the sentence or reject all or part of the time as credit." Finally, it is clearly established under Montana law that a defendant with a revoked suspended sentence is subject to his original sentence as though it was never suspended. *Montana v. Oppelt*, 601 P.2d 394, 397 (Mont. 1979) ("revocation of suspension of sentence leaves the defendant subject to execution of the original sentence, as though it had never been suspended"); *Montana v. Cook*, 272 P.3d 50, 55 (Mont. 2012) (a revocation proceeding is an action that "subjects the defendant to execution of the original sentence as though he had never been given a suspension of sentence").

Montana Code Annotated § 46-18-203 does not create a cognizable entitlement to a fixed discharge date. Further, the court acted within its discretion when it required Edmundson to serve the suspended portion of his sentence with

4

no credit for probation time.

Edmundson also claims that imposition of the suspended sentence constitutes double jeopardy in violation of the Fifth Amendment. Edmundson violated his probation conditions, resulting in the revocation proceeding. The proceeding and the resulting punishment were attributable to his original sentencing. *See Standlee v. Rhay,* 557 F.2d 1303, 1305, 1307 (9th Cir.1977) (revocation of parole is remedial rather than punitive); *Gagnon v. Scarpelli*, 411 U.S. 778, 782 (1973) (the Court perceives no difference between parole revocation and probation revocation); *Montana v. LeDeau*, 215 P.3d 672, 674 (Mont. 2009) (double jeopardy is not applicable to revocation of suspended sentence) (overruled on other grounds). The revocation of Edmundson's suspended sentence is not a new criminal prosecution to which double jeopardy protections apply.

Mr. Edmundson's sentence is valid, and he has failed to show a violation of his Constitutional rights.

Finally, the Court agrees with Judge Lynch's conclusion regarding the COA. A COA should issue as to those claims which the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues

presented are adequate to deserve encouragement to proceed further." *Miller-El Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Edmundson's petition fails to make a substantial showing of a denial of a constitutional right and a COA is not warranted.

IT IS ORDERED that:

(1) Judge Lynch's findings and recommendation (Doc. 4) is ADOPTED in full.

(2) Mr. Edmundson's petition (Doc. 1) is DENIED.

(3) The Clerk of Court is instructed to enter a judgment of dismissal in favor of Respondents and against Petitioner by separate document.

(4) A certificate of appealability is DENIED.

Dated this 21st day of July, 2014.

Dana L. Christensen, Chief Judge
United States District Court